**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., | No. C 04-4875 SBA |
| Plaintiff, | **TURNOVER ORDER** |
| v. | |
| BIC PRODUCTIONS, | |
| Defendant. | |

This matter comes before the Court on the Ex Parte Application of Plaintiff and Judgment Creditor Io Group, Inc. for Turnover Order in Aid of Execution. The Court, having considered the Ex Parte Application and the supporting Memorandum of Points and Authorities and Declaration submitted by Plaintiff; having found that the Court has supplemental jurisdiction over Defendant and Judgment Debtor BIC Productions, pursuant to Rule 69 of the Federal Rules for Civil Procedure to enforce its judgment of September 12, 2005; the Court having previously found that it had personal jurisdiction over Defendant and Judgment Debtor; the Clerk of the Court having previously issued a Writ of Execution; and the Court having found a need for this turnover order, IT IS HEREBY ORDERED THAT the Ex Parte Application of Plaintiff and Judgment Creditor Io Group, Inc. for Turnover Order in Aid of Execution is GRANTED.

**IT IS FURTHER ORDERED THAT:**

1. Defendant and Judgment Debtor BIC Productions (hereinafter referred to as "Defendant") is ordered to turn over all of its rights and possessory interests in the domain name bicprod.com and any other domain name for which it holds a possessory interest and to take all actions necessary to effect the transfer of such domain name registrations to Io Group, Inc. ("Plaintiff"):

2.      Defendant is ordered not to transfer, delete, alter, or otherwise modify any of its current domain name registrations, including without limitation bicprod.com, except as necessary to effectuate this Order.

3.      Register.com, Inc. is ordered to take all steps necessary to assist in the transfer of the aforementioned domain name registrations to Plaintiff to effectuate this Order.

4.      The Court directs the United States Marshal, pursuant to California Code of Civil Procedure §699.080, to act as a levying officer consistent with 28 U.S.C. §1921, the internal procedures and policies of the United States Marshal's Office, and this Order. At the time of levy, pursuant to California Code of Civil Procedure §701.520, Plaintiff shall serve, either personally or by mail, a notice of intended sale of the property on Defendant. A copy of the notice of intended sale and proof of service on Defendant shall be filed with the Court and with the United States Marshal. The notice of intended sale shall describe the property to be sold and state that it will be sold at an execution sale unless, within ten (10) days after service of the notice of intended sale, Defendant applies to the Court on noticed motion for an order that the property be collected rather than sold. A copy of such noticed motion shall also be filed with the United States Marshal. If Defendant fails to file a copy of such noticed motion with the Court and United States Marshal within the time period prescribed by California Code of Civil Procedure §701.520, the United States Marshal shall arrange for the sale of the domain name registrations identified in Paragraph 1 of this Order through a recognized, publicly utilized service that specializes in the sale of domain name registrations, such as www.Afternic.com. The sale shall be advertised by the United States Marshal in *The Recorder* for at least seven (7) days prior to the date of the sale of the domain name registrations. Plaintiff will pay the costs of the sale, including the costs of advertising, which costs shall be deducted from the Marshal's commission. The United States Marshal shall also be authorized to sign the Bill of Sale, if applicable. Such sale is for the benefit of Plaintiff to enable it to collect at least a portion of its judgment herein.

5.      Plaintiff is permitted to make a credit bid at any such sale, based on the judgment herein.

**IT IS FURTHER ORDERED THAT:**

6.      Plaintiff shall return to Defendant any amount received from the sale of the aforementioned domain name registrations that is in excess of Plaintiff's judgment including attorney's fees, costs and interest, as permitted by law. Should sale of one domain name registration or a combination of domain name registrations result in a cash payment in full to Plaintiff, in an amount

2

sufficient to satisfy Plaintiff's judgment, including attorney's fees, costs and interest, as provided by law, then Plaintiff shall return to Defendant any unsold aforementioned domain name registrations. Any income realized from Plaintiff's subsequent operation of a website using the above-referenced domain names is not to be considered income from the sale of the domain name registration itself.

**7. NOTICE IS HEREBY GIVEN THAT FAILURE BY DEFENDANT TO COMPLY WITH THIS ORDER MAY SUBJECT DEFENDANT TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

**IT IS SO ORDERED.**

Dated: 2/16/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

3