IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., | No. C 04-4875 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 26, 29] |
| BIC PRODUCTIONS, | |
| Defendant. | |

On May 16, 2005, the Court ordered the entry of default judgment against defendant BIC Productions ("Defendant"). On September 12, 2005, the Court entered final judgment against Defendant in the amount of $417,750.00. On December 12, 2005, the Court issued a Writ of Execution as to Defendant in the amount of $417,750.00.

On June 27, 2006, plaintiff Io Group, Inc. ("Plaintiff") filed a Motion to Alter Judgment to include what it contends is Defendant's corporate name South Beach Media Group, Inc. in the judgment. Plaintiff argues that South Beach Media Group, Inc. and BIC Productions are alter egos.

Pursuant to Federal Rule of Civil Procedure 69(a),

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Rule 69(a) "'permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits.' California allows motions to add alter-ego

1 judgment debtors within a reasonable period of time." *Cigna Property and Casualty Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1998) (affirming the amendment of a judgment to add a judgment debtor on an alter ego theory) (quoting *Peacock v. Thomas*, 516 U.S. 349 (1996)).

On June 27, 2006, Plaintiff also filed a Motion for Assignment Order. Plaintiff argues that the current balance due on the judgment in this case is $407,750.00. Plaintiff seeks to have certain payments due to South Beach Media Group, Inc. d/b/a BIC Productions assigned to Plaintiff to pay the judgment in full, including accrued interest through the date of payment. Plaintiff also seeks to restrain South Beach Media Group, Inc. d/b/a BIC Productions from encumbering, assigning, disposing, or spending the funds and all rights to payment that are assigned to Plaintiff.

Plaintiff did not name South Beach Media Group, Inc. or South Beach Media Group, Inc. d/b/a BIC Productions as a party or as an alter ego in the Complaint. There is no reference to either of these names in any allegation of the Complaint. Further, Plaintiff has not provided proof that the Motion to Alter Judgment and the Motion for Assignment Order were served on South Beach Media Group, Inc. or South Beach Media Group, Inc. d/b/a BIC Productions.[1]

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Alter Judgment [Docket No. 26] and Plaintiff's Motion for Assignment Order [Docket No. 29] are DENIED WITHOUT PREJUDICE. If Plaintiff elects to re-file these motions, Plaintiff shall address the above concerns and provide the Court with evidence that the motions have been served on South Beach Media Group, Inc. and/or South Beach Media Group, Inc. d/b/a BIC Productions.

IT IS SO ORDERED.

Dated: 9/1/06                                    SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge

---

[1] Plaintiff argues that South Beach Media Group, Inc. had actual knowledge of the litigation, contending that the president of South Beach Media Group, Inc. rented the mailbox where Plaintiff served a Summons and copy of the Complaint. This alleged knowledge of litigation which did not name either South Beach Media Group, Inc. or South Beach Media Group, Inc. d/b/a BIC Productions, however, is not sufficient to constitute service of the instant motions.

2