IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IO GROUP, INC.,

        Plaintiff,

 v.

BIC PRODUCTIONS,

        Defendant.
_____/

No. C 04-4875 SBA

**ORDER**

[Docket Nos. 33, 36]

      This matter comes before the Court on Plaintiff's Motion to Alter Judgment and Motion for Assignment Order.

      This is a copyright infringement action. Defendant failed to answer the Complaint or otherwise appear in the matter. On May 16, 2005, the Court ordered the entry of default judgment against Defendant BIC productions, and on September 12, 2005, the Court entered final judgment in the amount of $417,750.00. On June 27, 2006, Plaintiff filed a Motion to Alter Judgment and a Motion for Assignment Order. In these motions, Plaintiff argued that the Judgment should reflect Defendant's corporate name, South Beach Media Group, Inc., and sought to have certain payments due to South Beach Media Group, Inc. d/b/a BIC Productions assigned to Plaintiff to pay the judgment in full.

      On September 1, 2006, the Court issued an order denying Plaintiff's Motions without prejudice, because "Plaintiff did not name South Beach Media Group, Inc. or South Beach Media Group, Inc. d/b/a BIC Productions as a party or as an alter ego in the Complaint. There is no reference to either of these names in any allegation of the Complaint." The Court stated that if Plaintiff elected to re-file the motions, it must address those concerns and "provide the Court will evidence that the motions have been served on South Beach Media Group, Inc. and/or South Beach Media Group, Inc. d/b/a BIC Productions."

Plaintiff re-filed its motions on October 13, 2006.  Defendant has not filed oppositions.

## **ANALYSIS**

### A.    Motion to Alter Judgment

As the Court acknowledged in its previous Order, California law allows alter-egos to be added as judgment debtors even if they were not named in the complaint.  *See Cigna Property & Casualty Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 421 (9th Cir. 1992); *Alexander v. Abbey of the Chimes*, 104 Cal. App. 3d 39, 45-47 (1980).  Plaintiff argues that BIC Productions, the named Defendant, is an alter ego of South Beach Media Group, Inc., and that South Beach Media Group should be added as a judgment debtor.  In support of that argument, Plaintiff offers evidence including the following: a printout from BIC's website showing its principal business address; a fax from the U.S. Marshall who attempted to serve BIC stating that this address is a private mailbox rented to Michael Smyser, whose home and business addresses are in Florida; an Application for Registration of Fictitious Name filed with the Florida Secretary of State, requesting that BIC Productions be registered as a fictitious name owned by South Beach Media Group, Inc.; and Articles of Incorporation for South Beach Media Group, Inc. showing that the sole officer and director of that corporation is Michael Smyser.  *See* Sperlein Decl. Exs. A-G.

The question is whether this evidence is sufficient to show that BIC and South Beach Media Group are alter egos.  Courts allow judgments to be amended to add unnamed defendants when there is sufficient evidence that the unnamed defendant is an alter ego which controlled the litigation.  *Alexander*, 104 Cal. App. 3d at 46.  The corporate entity will be disregarded, and a corporation found to be an alter ego of an individual (or, presumably, another corporation), where (1) there is "such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow."  *Id*. at 46-47.

Plaintiff argues that South Beach Media Group had an opportunity to appear and control this litigation, because one person, Michael Smyser, controls South Beach and BIC Productions.

2

Further, Plaintiff asserts that it would be unjust not to treat the corporations as alter egos, because Defendant misrepresented its identity, which resulted in Plaintiff's inability to discover and name South Beach Media Group in the first instance. "By using a private mailbox in one state and registering its fictitious business name in another, Defendant was able to achieve its goal of concealing its true identity and location from the general public." Motion to Alter Judgment at 8.

Further, Plaintiff asserts that it has personally served the instant motion on South Beach Media Group, Inc. *See* Motion to Alter Judgment at 2. *See also* Sperlein Decl. at ¶ 17 ("[T]he agent for service of process in Florida for South Beach Media Group, Inc. d/b/a BIC Productions is Spiegel & Utrera, P.A., 1840 SW 22nd Street, 4th Fl., Miami, FL 33145, and copies of this declaration and corresponding Notice of Motion will be served upon that agent in addition to being delivered to defendant's purported business address in San Diego."). According to Plaintiff, this resolves the concerns raised in the Court's previous order. The Court disagrees. Plaintiff merely states that the motion "will be served" on South Beach Media Group, not that it has been served, and the exhibits attached to the motion do not include proof of service.

The Court is persuaded that BIC Productions and South Beach Media Group are most likely alter egos – they are owned by the same individual, and BIC is registered as a fictitious business name of South Beach Media Group. Smyser most likely had knowledge of the litigation. However, Plaintiff has not followed the clear directions given by this Court in its previous Order. The Order stated that even if Smyser had actual knowledge of the litigation, that is not sufficient to constitute service of the instant motions, and instructed Plaintiff to provide the Court with "evidence that the motions have been served" on South Beach Media Group. A statement in the briefing that the motion has been served, and a declaration that the motion will be served, with no attached proof of service, is inadequate. Thus, the Motion to Alter Judgment is DENIED.

**B.   Motion for Assignment Order**

California law allows courts to order a judgment debtor to assign to a judgment creditor "all or part of a right to payment due or to become due," including wages, rents, commissions, royalties,

3

1  payments due from a patent or copyright, and insurance policy loan value.  Cal. Code Civ. Proc. §
2  708.510.  Plaintiff asks the Court to order the judgment debtor to assign Plaintiff its interest in and
3  payments from the following: Cubik Media d/b/a NakedSword, Data Conversions, Inc. (formerly
4  AEBN, Inc.), Belamco Productions, SRO d/b/a lotionlounge.com and CCBill, LLC.  Motion for
5  Assignment Order at 1.  Plaintiff also asks the Court to restrain the judgment debtor from
6  encumbering, assigning, disposing or spending funds owed to it.  The motion is accompanied by a
7  declaration, stating that the judgment debtor has refused to make payments on the judgment, and that
8  the declarant is informed and believes that the judgment debtor is entitled to receive assignable
9  payments from the above-listed entities.  *See* Sperlein Decl. at ¶ 5, 8.  However, Plaintiff provides
10 no other evidence or documentation related to these alleged assignable payments.

11      Again, it appears that Plaintiff may be entitled to an assignment order under California law.
12 However, absent any response from Defendant or more specific evidence from Plaintiff, it is
13 impossible to know whether the above-named entities do in fact owe payments to Defendant which
14 could be assigned to Plaintiff.  Plaintiff also does not make it clear whether these alleged payments
15 are owed to BIC Productions or to South Beach Media Group, Inc., instead referring only to "the
16 judgment debtor."  If Plaintiff seeks to have payments owed to South Beach Media Group, Inc.
17 assigned to Plaintiff, the Court's previous order clearly stated that Plaintiff must provide proof that
18 the Motion for Assignment Order was served on South Beach Media Group, and, as discussed,
19 Plaintiff failed to do so.

20      Accordingly, Plaintiff's Motion for Assignment Order is DENIED.

## **CONCLUSION**

22  IT IS HEREBY ORDERED THAT Plaintiff's Motion to Alter Judgment [Docket No. 36] and
23 Motion for Assignment Order [Docket No. 33] are DENIED WITHOUT PREJUDICE.

24  IT IS FURTHER ORDERED THAT Plaintiff may file, within fourteen days of the date of
25 this order, renewed motions along with appropriate proof of service of the motions on South Beach
26 Media Group, Inc. and/or South Beach Media Group, Inc. d/b/a BIC Productions.  If Plaintiff files

4

renewed motions without satisfactory proof of service attached, the motions will be denied with prejudice. In addition, if Plaintiff elects to re-file the Motion for Assignment Order, it shall provide the Court with evidence of payments owed to BIC Productions or to South Beach Media Group, Inc.

    IT IS SO ORDERED.

Dated: 11/29/06

                                                 SAUNDRA BROWN ARMSTRONG
                                                 United States District Judge