IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., | No. C 04-4875 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 47] |
| BIC PRODUCTIONS, | |
| Defendant. / | |

This matter comes before the Court on Plaintiff's Motion for Reconsideration of the Court's Order Denying Plaintiff's Motion to Alter Judgment and Motion for Assignment Order [Docket No. 47]. Having read and considered the arguments presented in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Reconsideration.

**BACKGROUND**

This is a copyright infringement action. Defendant failed to answer the Complaint or otherwise appear in the matter. On May 16, 2005, the Court ordered the entry of default judgment against Defendant BIC productions, and on September 12, 2005, the Court entered final judgment in the amount of $417,750.00. On June 27, 2006, Plaintiff filed a Motion to Alter Judgment and a Motion for Assignment Order. In these motions, Plaintiff argued that the Judgment should reflect Defendant's corporate name, South Beach Media Group, Inc., and sought to have certain payments due to South Beach Media Group, Inc. d/b/a BIC Productions assigned to Plaintiff to pay the judgment in full.

On September 1, 2006, the Court issued an order denying Plaintiff's Motions without prejudice, because "Plaintiff did not name South Beach Media Group, Inc. or South Beach Media Group, Inc. d/b/a BIC Productions as a party or as an alter ego in the Complaint. There is no reference to either of these names in any allegation of the Complaint." The Court stated that if Plaintiff elected to re-file the

motions, it must address those concerns and "provide the Court with evidence that the motions have been served on South Beach Media Group, Inc. and/or South Beach Media Group, Inc. d/b/a BIC Productions." Plaintiff re-filed its motions on October 13, 2006. Defendant did not file oppositions.

On November 29, 2006 this Court issued an Order denying Plaintiff's Motion to Alter Judgment and Motion for Assignment Order. This Court acknowledged that BIC Productions and South Beach Media Group are most likely alter egos, but stated that Plaintiff had not followed the clear directions given by this Court in its previous Order of September 1, 2006, by providing evidence that the motions had been served on South Beach Media Group. This Court stated that the record did not include proof of service.

With respect to the Motion for Assignment Order, the Court noted that while it appeared that Plaintiff may be entitled to an assignment order under California law, absent any response from Defendant or more specific evidence from Plaintiff, it was impossible for the Court to know whether the entities named in the Motion for Assignment Order do in fact owe payments to Defendant which can be assigned to Plaintiff. The Court also noted that Plaintiff did not make clear whether these alleged payments are owed to BIC Productions or to South Beach Media Group, Inc., and instead referred only to "the judgment debtor." The court specifically stated that "if Plaintiff elects to re-file the Motion for Assignment Order, it shall provide the Court with evidence of payments owed to BIC Productions or to South Beach Media Group, Inc." *See* Docket No. 40.

On December 11, 2006 Plaintiff filed a Request for Leave to File a Motion for Reconsideration. Plaintiff pointed out that he had independently filed a certificate of service, giving clear evidence that the motions had been served on South Beach Media Group. This Court granted Plaintiff's Request for Leave to File a Motion for Reconsideration on December 22, 2006. Plaintiff filed the instant Motion for Reconsideration of Court's Order Denying Plaintiff's Motion to Alter Judgment and Motion for Assignment Order on January 4, 2007.

## **LEGAL STANDARD**

Local Rule 7-9(b)(3) permits a party to file a motion for reconsideration where the party

2

demonstrates "a manifest failure by the Court to consider material facts . . . which were presented to the Court before such interlocutory order."

## ANALYSIS

**1.    Motion to Alter Judgment**

Plaintiff points out that he independently filed a certificate of service on the same day that he electronically filed his Motion. The Certificate of Personal Service was entered as Docket No. 39 on October 13, 2006. The Certificate of Service indicates that Plaintiff served "South Beach Media Group, Inc." with both Motions on October 11, 2006, two days before filing his Motions with this Court.

The Docket in this matter reflects that Plaintiff has complied with this Court's September 1, 2006 Order requiring him to "provide the Court with evidence that the motions have been served on South Beach Media Group, Inc. and/or South Beach Media Group, Inc. d/b/a BIC Productions." Plaintiff filed a Certificate of Service on October 13, 2006, the same day it filed its Motions. Accordingly, the Court grants Plaintiff's Motion for Reconsideration with respect to the Motion to Alter Judgment.

**2.    Motion for Assignment Order**

Plaintiff's Motion for Reconsideration fails to address the Court's concerns relating to the Motion for Assignment Order. Plaintiff's counsel's declaration in support of its Motion for Assignment Order, comprising the entirety of Plaintiff's evidence, states the following:

> 8. I am informed and believe that judgment debtor is entitled to receive, or will be entitled to receive assignable payment(s) from the following entities:
> a. Cubik Media d/b/a NakedSword licenses copyrighted material owned by judgment debtor for which it pays licensing fees. Those fees are 100% assignable.
> b. Data Conversions, Inc. (formerly AEBN, Inc.) licenses copyrighted material owned by judgment debtor for which it pays licensing fees. Those fees are 100% assignable.
> c. Belamco Productions, SRO d/b/a lotionlounge.com licenses copyrighted material owned by judgment debtor for which it pays licensing fees. Those fees are 100% assignable.
> d. CCBill, LLC provides merchant processing for judgment debtors website. Funds collected by CCBill, LLC on judgment debtors behalf are 100% assignable.

Docket No. 24.

The proposed order submitted by Plaintiff specifically orders the entities which purportedly owe sums to the judgment debtor to pay such sums to Plaintiff, yet Plaintiff has provided the court with no evidence that such sums are actually owed. As Plaintiff has failed to comply with the Court's November 29, 2006 directive that it provide specific evidence demonstrating that the entities named in the Motion for Assignment Order do in fact owe payments to Defendant which can be assigned to Plaintiff and to clarify whether these alleged payments are owed to BIC Productions or to South Beach Media Group, Inc., the Court denies the Motion for Reconsideration with respect to the Motion for Assignment Order without prejudice. Plaintiff shall have one more chance to rectify the indicated deficiencies; if it cannot come forward with the appropriate evidence if it chooses to re-file its Motion for Assignment Order, the Motion will be denied with prejudice.

**CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Reconsideration is GRANTED with respect to the Motion to Alter Judgment. Final judgment is entered in favor of Plaintiff and against South Beach Media Group, Inc., d/b/a BIC Productions in the amount of $417,750.00. Plaintiff's Motion with respect to the Motion for Assignment Order is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: 5/8/07

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

4